IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY RAVON RUFFIN, | No. 4:23-CV-01289 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

MEMORANDUM OPINION

NOVEMBER 9, 2023

In 2011, petitioner Anthony Ravon Ruffin was sentenced to 415 months' imprisonment by the United States District Court for the Middle District of North Carolina for, among other convictions, armed bank robbery, brandishing a firearm during a crime of violence, and felon in possession.[1] Over the last decade, Ruffin has attempted—in nearly every fashion and form—to collaterally attack his convictions and sentence. He now attempts to seek relief pursuant to 28 U.S.C. § 2241 in this Court. Because it plainly appears from the face of the petition that Ruffin is not entitled to relief, the Court will dismiss his Section 2241 petition for lack of jurisdiction.[2]

---

1   *See United States v. Ruffin*, No. 1:08-CR-304-1, Doc. 49 (M.D.N.C. Jan. 20, 2011).
2   *See* 28 U.S.C. § 2254 Rule 4; *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

I.  **BACKGROUND**

Following Ruffin's conviction in 2011, he appealed to the United States Court of Appeals for the Fourth Circuit. That direct appeal was denied.[3] The Supreme Court of the United States subsequently denied Ruffin's petition for a writ of certiorari.[4]

Ruffin then began a campaign of post-conviction filings in the sentencing court. He filed a motion under 28 U.S.C. § 2255, which was denied.[5] The Fourth Circuit denied a certificate of appealability.[6] Undeterred, Ruffin continued to file various challenges to his 2011 conviction, all of which were dismissed or denied.[7] At one point, due to his incessant and meritless collateral attacks, the sentencing court placed him "on notice that further filings related to this terminated action may be deemed frivolous and subject to sanctions."[8]

Ruffin now attempts to collaterally attack his 2011 sentence through Section 2255(e) and Section 2241, relying on the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019).[9] Because this

---

[3] *See id.*, Docs. 74-78.
[4] *Ruffin v. United States*, 568 U.S. 1185 (2013) (mem.).
[5] *See Ruffin*, No. 1:08-CR-304-1, Doc. 114 (M.D.N.C. Oct. 18, 2016).
[6] *Id.*, Doc. 123.
[7] *See id.*, Docs. 127, 130, 131, 132, 134, 135, 136, 139-40, 142, 151, 153, 157, 158, 160, 161, 168, 169, 173.
[8] *Id.*, Doc. 161.
[9] In *Rehaif*, the Supreme Court held that, to convict a defendant under 18 U.S.C. § 922(g), the prosecution "must show that the defendant knew he possessed a firearm [or ammunition] and also that he knew he had the relevant status [as a person not to possess] when he possessed it." *Rehaif*, 139 S. Ct. at 2194.

Court does not have jurisdiction to entertain Ruffin's Section 2241 petition, it must be dismissed.

## II. DISCUSSION

Ruffin attempts to challenge his 2011 sentence by arguing that *Rehaif*'s intervening change in statutory law renders his prior conduct noncriminal.[10] Ruffin's attempt to utilize Section 2255(e) and Section 2241 to collaterally attack his conviction fails because recent Supreme Court precedent forecloses his *Rehaif* challenge.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[11] Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[12]

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "savings clause" in Section 2255(e) applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[13] In other words, for more than two decades, the Third

---

[10] *See* Doc. 2 at 1.
[11] *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[12] *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).
[13] *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases).

Circuit held that Section 2255(e) permitted a federal prisoner to resort to Section 2241 in the rare situation where he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[14]

On June 22, 2023, however, the Supreme Court of the United States decided *Jones v. Hendrix*, abrogating—among other circuit court decisions—*In re Dorsainvil*[15] and affecting a sea change in habeas practice with regard to Section 2241 petitions.[16]  The *Jones* Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."[17]

Rather, Section 2255(e)'s savings clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[18]  The savings clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence."[19]  In all other circumstances, a convicted prisoner's *only* avenue for

---

[14]   *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).
[15]   119 F.3d 245 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).
[16]   *See Jones*, 143 S. Ct. at 1868.
[17]   *Id.* at 1864.
[18]   *See id.* at 1866-67, 1868.
[19]   *Id.* at 1868.

filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence,"[20] or "a new rule of constitutional law."[21] [22]

Ruffin's Section 2241 petition plainly fails under *Jones*. His invocation of *Rehaif* (even assuming it would have passed muster under the narrow but now obsolete exception provided by *In re Dorsainvil*) no longer qualifies for resort to the savings clause in Section 2255(e), nor does it meet the requirements for a second or successive Section 2255 motion found in Section 2255(h).

In sum, Section 2255(e) does not apply to Ruffin's claim. Accordingly, the Court must dismiss his Section 2241 petition for lack of jurisdiction.[23]

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Ruffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[20] 28 U.S.C. § 2255(h)(1).
[21] *Id.* § 2255(h)(2).
[22] *Jones*, 143 S. Ct. at 1868, 1869.
[23] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).